**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**ERIC T. PATTON**                                                          **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:12CV-P86-M**

**COMMONWEALTH OF KENTUCKY et al.**                        **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Eric T. Patton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues the Commonwealth of Kentucky and Southern Health Partners. He also sues in their official capacities Warren County Jailer Jackie Strode; Jaimie Pruitt, Medical Director for Southern Health Partners; and Warren County Jail Chief Deputy Misse Edmonds. At the pertinent times, he was a convicted inmate housed at the Warren County Jail (WCJ). He alleges that his Eighth Amendment rights were violated when the jail medical department refused to let him see the doctor on staff. He states that when he entered WCJ he had chronic pain in his lower back due to lumbar disc problems and that he had medical reports in his file to prove that he needed a blanket or extra mat to ease the pain. He states, "I asked to be taken to the hospital cause I was in so much pain. My attorney called and faxed a letter and still Jaimie

---

[1] The complaint originally was filed by Plaintiff along with two other Plaintiffs, Keith H. Hartman and Calvin D. Strange. The claims of each Plaintiff were severed. Initial review of the claims brought by Plaintiff Patton is now appropriate.

Pruitt said no, as well as Misse Edmonds. Then I asked to see if Jackie Strode would help and she said no also. So I contacted the U.S. Marshall and finally 1 ½ week before I left I received a matt." Plaintiff also alleges that he had problems with his vision and teeth for which he needed attention but he was denied repeatedly.

Plaintiff further alleged that his Fourth Amendment rights were violated due to excessive searching of the cells wherein every week prisoners were removed to the library while their cells were searched for contraband. He also complains about a strip search of twelve prisoners including himself after a deputy misplaced a handcuff key. Plaintiff further complains about the policy of WCJ to throw away any photographs received by a prisoner that exceeds the WCJ's limit of six photos every 90 days. He details a conversation with Defendant Edmonds about this policy in which Defendant Edmonds "was very rude" when he asked her how photos can be considered a fire hazard but legal mail is allowed to "pile up" and there are no sprinkler systems. He alleges that the policy of disposing of his property violates his due process rights. Plaintiff asks for monetary, punitive, and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. *Injunctive relief*

Plaintiff has been transferred to another facility. Therefore, Plaintiff's request for injunctive relief is moot because he is no longer incarcerated at the WCJ. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

B. *Commonwealth of Kentucky*

The Court lacks subject matter jurisdiction over Plaintiff's constitutional claims against the Commonwealth of Kentucky because the Eleventh Amendment to the U.S. Constitution specifically prohibits federal courts from entertaining suits brought directly against the states themselves. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST., amend. XI. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Therefore, Plaintiff's claims against the

Commonwealth of Kentucky will be dismissed.

C.    *Eighth Amendment*

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). With regard to his Eighth Amendment claims, the complaint makes allegations against Defendant Pruett, her employer, SHP, and Defendants Strode and Edmonds. A private corporation, like Southern Health Partners, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). Plaintiff sues Jaimie Pruitt, whom his complaint identifies as an employee of SHP, in her official capacity, so the claim against her is construed to be against SHP, as well.

The complaint does not allege that a policy or custom was the moving force behind the alleged Eighth Amendment violations. Consequently, the claims against Defendant Pruitt and SHP will be dismissed.

Because Plaintiff sues Defendants Strode and Edmonds in their official capacities, the claims against them are considered to be brought against Warren County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). When a § 1983 claim is made against a municipality, like Warren County, a court must analyze two distinct issues: (1) whether the plaintiff's harm

4

was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)

(citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege that Defendant Strode's or Edmonds's actions in the context of his Eighth Amendment claims were pursuant to a custom or policy of Warren County. Consequently, he fails to state an Eighth Amendment claim against these Defendants as well.

### D.     *Fourth Amendment*

Plaintiff alleges that the WCJ has a policy regarding searching the cells once a week and discarding photographs in excess of the six-photograph limit.  He also complains about a one-time strip search occasioned by an officer misplacing a handcuff key.

Plaintiff cannot assert that the search of his cell and confiscation of his property constitute a violation of the Fourth Amendment.  The Fourth Amendment provides, in part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . . ."  U.S. CONST. amend. IV.  In *Hudson v. Palmer*, 468 U.S. 517 (1984), an inmate brought an action under § 1983 claiming, in part, that the destruction of his personal property during a search of his cell violated his Fourth Amendment right to be free from unreasonable searches and seizures.  In rejecting the inmate's claim, the Supreme Court stated that a prisoner does not possess "any subjective expectation of privacy . . . in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell." *Hudson*, 468 U.S. at 526.  The same rationale applies to a prisoner's argument that the loss of his property constituted an unreasonable seizure in violation of the Fourth Amendment.  *Id.* at 528 n.8.  Thus, here, Plaintiff has failed to allege a cognizable Fourth Amendment claim regarding

6

the search of his cell.

With regard to the strip search, inmates retain some limited Fourth Amendment rights upon commitment to a correctional facility, but those rights have to be balanced with the significant and legitimate security interests of the prison. *See Bell v. Wolfish*, 441 U.S. 520, 560 (1979) (finding that visual body-cavity searches of pretrial detainees was reasonable). A strip search, therefore, will survive a Fourth Amendment challenge so long as it is reasonable. *Id.*

The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Id.* at 559. The Fourth Amendment does not prohibit the search of an inmate's person, so long as the search is reasonable in scope, manner, and location; is reasonably related to a valid penological goal; and, is not performed for a wrongful purpose, such as to humiliate or degrade a prisoner. *Id.*

Plaintiff claims that the strip search occurred because an officer could not find a handcuff key. "'[P]articularized searches where objective circumstances indicate such searches are needed to maintain institutional security' [are] permissible . . . ." *Jackson v. Herrington*, 393 F. App'x 348, 355 (6th Cir. 2010) (per curiam) (citation omitted). It does not appear to this Court that a strip search of inmates after a handcuff key is reportedly missing (whether that belief turned out to be mistaken or not) violates the Fourth Amendment. This claim will be dismissed as well.

E.  *Due process*

Where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause. *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543–44; *see also Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191–92 (6th Cir. 1985). Thus, Plaintiff's due-process claim fails.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: July 27, 2012

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
     Defendants
     Warren County Attorney
4414.009